EMMA DAMMAN v. GEORGE VOLLENWEIDER, ET UX., Appellants.

**Execution of instruments:** BURDEN OF PROOF: EVIDENCE. Where the execution of a note and mortgage is denied under oath, the burden is on a plaintiff seeking judgment and foreclosure, to prove the execution.  Evidence is held insufficient to show that defendants signed the instruments in suit.

*Appeal from Dubuque District Court.*— HON. FRED O'DONNELL, Judge.

THURSDAY, JANUARY 12, 1905.

ACTION in equity to recover judgment on a note and for foreclosure of a mortgage.   Defendants, who are husband and wife, denied under oath the execution of the note and mortgage, and asked by way of affirmative relief that the mortgage be canceled and satisfied of record, in order that the cloud thereby created on defendants' title to the premises be removed.   Decree for plaintiff.   Defendants appeal.— *Reversed.*

*Longueville & Kintzinger,* for appellants.

*W. A. Leathers,* for appellee.

McCLAIN, J.— The only question in this case is one of fact, viz., did defendants sign the note and mortgage sued

on? Under the issues the plaintiff has the burden of proof as to her cause of action. The claim is that she furnished $400 to her mother, Mrs. Young, residing in Dubuque, to be loaned for plaintiff's benefit, and that the loan was made to defendants by one A. W. Hosford, who took the note and mortgage in question, payable to plaintiff. Neither plaintiff nor Mrs. Young were present at the time of the transaction, and the instruments purporting to bear defendants' signatures, the mortgage acknowledged before Hosford, as notary, were delivered by him to Mrs. Young. In a deposition taken outside of the State Hosford testifies that at the time of the transaction he was doing business in Dubuque as a real estate and loan agent; that he first procured a loan for defendants for $200 from a bank on their note, secured by mortgage on their homestead; that subsequently he procured another loan of $300 for them from a Mrs. Sohn, evidenced by their note, secured by mortgage on the same property, from the proceeds of which loan the first note and mortgage were satisfied; that at a later date, desiring to borrow another $100, they applied to him for a further loan of that amount, and at his suggestion they executed their note and mortgage on the same property to plaintiff, with the understanding that the note and mortgage to Mrs. Sohn would be paid off by him out of the proceeds. Hosford admits that he did not satisfy the Sohn note and mortgage, but wrongfully retained the money, which should have been applied by him to that purpose. The testimony of defendants substantially agrees with that of Hosford as to the prior transaction; but with reference to the last they say that they executed no note or mortgage to plaintiff, but gave a note for $100, unsecured, to Hosford for money furnished by him, and had no knowledge of plaintiff or Mrs. Young until afterward. Hosford's testimony as to the execution of the note and mortgage to plaintiff is very much weakened, as we think, not only by the fact that, according to his account of the transaction, he fraudulently appropriated $300 of defendants' money, but

by these further facts: That, as shown by his receipts, and as admitted by him, he continued to receive from defendants interest payments on Mrs. Sohn's note for $300 and a supposed note to himself for $100, the interest payments on these two amounts being made separately, and at different times, without anything being said to defendants as to any interest to be paid on any $400 note to plaintiff, and himself paid the interest to plaintiff on her note; that he denied to defendants subsequently the existence of any note to plaintiff; and that, as shown by the testimony of four witnesses, uncontradicted, his reputation for truth and veracity is bad. Plaintiff relies on admissions said to have been made to her and to Mrs. Young separately by defendant Vollenweider that the note to plaintiff was paid, but, in view of the circumstances under which these admissions are claimed to have been made, we are not inclined to attach much weight to the uncorroborated testimony of plaintiff and Mrs. Young with reference thereto. The so-called admissions may well have been inadvertently made, if, as he testifies, he had no knowledge of the existence of any note to plaintiff, and supposed he was talking to Mrs. Sohn, or some one representing her. Plaintiff further relies on testimony of experts, based on examination of the note and mortgage in question and genuine signatures of defendants, that the signatures to the note and mortgage were genuine. But such testimony in its very nature is entitled to but little weight, and the judgment of the witness was shown to be of small value by tests applied to them on cross-examination as to their ability to distinguish between genuine and fictitious signatures of defendants submitted to them for comparison with the signatures admitted to be genuine. Two witnesses for defendants, one testifying as an expert, the other as a person familiar with defendants' handwriting, testified that the signatures in question were not the genuine signatures of the defendants. There is nothing of controlling weight, therefore, in favor of plaintiff as to the genuineness of the signa-

tures. The trial court had before it for the purpose of comparison the signatures in question and the signatures admitted to be genuine, and these signatures are now before us for the same purpose. The result of the comparison is not favorable to plaintiff's claim. We reach the conclusion that plaintiff has not established her claim by a preponderance of the evidence, and that defendants have by a preponderance of evidence shown themselves entitled to have the cloud of the alleged mortgage removed from their title. Relief should have been refused to plaintiff, and a decree entered for defendants as prayed.— *Reversed.*